UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A. INC.,

        Plaintiff,

v.                                  Case No.: 15-11254

                                      HONORABLE VICTORIA A. ROBERTS

LOWERY CORPORATION D/B/A
APPLIED IMAGING SYSTEMS, INC., et al.,

        Defendants.
_____/

## ORDER MODIFYING DISCOVERY

      This suit concerns allegations by Plaintiff, Konica Minolta Business Solutions, U.S.A., Inc., that Defendants, Lowery Corporation, d/b/a Applied Imaging Systems, Inc. and several former Konica Minolta employees, have unlawfully taken property and used and disclosed confidential, trade secret, and proprietary information without Konica Minolta's consent and against it's best interest. Before the Court are several objections regarding the current discovery plan, in particular concerning the production of mirror images of electronic devices. On November 30, 2015, the Court received several objections to the production of mirror images of electronic devices. That afternoon, via email, the Court ordered the parties to consider several possible modifications to the discovery plan and to submit proposals about how to proceed by December 3, 2015.

      The parties agree to limit discoverable devices to exclude those devices which were not connected to either Konica Minolta or Applied Imaging Systems computers or networks. The parties also agree to presumptively exclude pictorial image files from

being produced for other parties in the case. As a result, the Court orders the following modifications:

1. The scope of discovery of electronic devices capable of storing data will be limited to those that have been utilized at or connected to any computer or network of Konica Minolta or Applied Imaging Systems. Discovery also includes email and cloud storage that was accessed on or connected to a network at Konica Minolta. This is a non-exhaustive list, and includes without limitation, the device list provided by Plaintiffs's expert, Spectrum, in Plaintiff's December 3, 2015 email as well as any devices or web-based services which Defendants have actual knowledge of but that are not listed on the December 3, 2015 Spectrum report.

2. Production of pictorial image files (JPEG, GIF, and like forms) are presumptively excluded from being produced to other parties. Plaintiff may request exceptions to this plan when it appears appropriate under the circumstances; for example, an exception might be granted if it was shown that an individual Defendant was likely to have taken a digital photo of Konica Minolta property or proprietary information. This exclusion limits production of individual files, but does not limit any Court order pertaining to the production of complete device mirror copies.

The parties still disagree about which parties' expert is to conduct data analysis of the mirror images and about how cost should be allocated. Consequently, the Court orders the following procedures be used to analyze electronic data and devices:

3. The Court will order the appointment of an independent master under Rule

53 of the Federal Rules of Civil Procedure. The master will be an independent expert who will make mirror copies of the pertinent devices, conduct the initial decomposition of the mirror image files, and send the file lists to defense counsel for review.

Pursuant Rule 53, each party must submit to the Court, via electronic filing, a candidate for nomination as the master by Thursday, December 17, 2015. The recommendation will include a résumé or curriculum vitae for each master. The parties shall not submit as their recommended master anyone who would be disqualified under Rule 53(a)(2), which in pertinent part states "A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455." Because the focus is on an independent expert, the Court does not expect to receive a nomination for a firm currently retained by any of the parties.

Under Rule 53(g) the Court will fix compensation of the master up front. The Court has considered arguments made regarding how to allocate data production and analysis costs. Initially, the Court intends to split the cost of compensating the master among the parties, but the Court will revisit any interim ruling, pursuant to Rule 53(g)(3), as discovery progresses and a merits decision is reached.

4. As an alternative to the step three process, any Defendant seeking to opt-out of the above process may elect to enter into an agreement that tracks the terms and conditions outlined in Plaintiff's November 24th email, which

      is appended to the end of this order.

5.     In lieu of the selection of a special master, the Court will temporarily stay the production of mirror images and privilege logs. The Court will reissue a production deadline after receiving special master nominations.

The conference call scheduled for December 9, 2015 at 1:00 pm is cancelled.

**IT IS ORDERED**

          S/Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated: December 9, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 9, 2015.

s/Linda Vertriest
Deputy Clerk