UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.

    Plaintiff,

v.

LOWERY CORPORATION, *et al.,*

    Defendants,

_____/

Civil Action No.: 15-11254
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**ORDER ON MOTIONS TO COMPEL**
**[ECF NOS. 149, 153, 157, 161, 162, 163, 174]**

The parties filed various motions to compel that were referred to this Court for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The parties were ordered to meet and confer with expert advisor Scott Bailey. [ECF No. 168]. After meeting and conferring, the parties filed statements of resolved and unresolved issues. [ECF Nos. 195-204]. The Court held a hearing on November 30, 2017. For the reasons stated on the record, the Court orders as set forth below.

1. **Compilation of Common Customer List**

KMBS must provide Bailey with a list of all of its customers at the time that the individual defendants ceased working for KMBS, and for the three years prior to the termination of individual defendants' employment with KMBS. KMBS must identify the time periods during which it was doing business with those customers.

AI and the individual defendants must provide a list to Bailey of all customers that they have done business with after the individual defendants left their employment with KMBS to the present, and must identify which of the individual defendants have done business with each listed customer. AI is primarily responsible for compiling this list, but each individual defendant must confirm the customers with which he or she has done business after leaving KMBS and augment AI's list as necessary.

These lists must be provided to Bailey by December 29, 2017. Bailey will then submit to each party a list of only those customers who are included on both KMBS's and the defendants' lists. The resulting list will be referred to as the common customer list below.

2. **Defendant Rob Bell's motion to compel from KMBS [ECF No. 149]**

**Interrogatory 18**: The motion to compel an answer to this interrogatory is denied because KMBS's complaint includes a civil

conspiracy count and demands joint and several damages from all defendants, [ECF No. 9, PageID 116, 118], and because KMBS is still discovering the damage that it believes was caused by each individual defendant.

All other issues were resolved prior to the hearing.

3. **KMBS's motion to compel from AI [ECF No. 153]**

   **Interrogatory 3**: The common customer list is ordered in lieu of this request.

   **Interrogatory 4:** AI agrees and is ordered to identify all yearly revenue paid to AI by each customer identified on the common customer list. An order on KMBS's request for identification of weekly, monthly and quarterly revenues paid to AI by these customers is deferred until the common customer list has been compiled.

   **RFP 38:** AI must produce for inspection and/or imaging all electronic computing or storage devices—including but not limited to hard drives, flash drives, and cloud or internet-based storage devices— that were issued by AI and used by any former employee of KMBS.

The definition of "former employee" is one who started working at AI one year or less after leaving his or her employment with KMBS, from January 1, 2011, to the present. KMBS must provide AI with a list "former employees" of which KMBS is aware, but AI must independently search for "former employees" in order to fulfill its obligations under this order.

All other issues were resolved prior to the hearing.

4. **KMBS's motion to compel from Defendant Matt Aron [ECF No. 157]**

   **Interrogatory 12**: The common customer list is ordered in lieu of this request.

   **Request for production of documents (RFP) 32**: The order regarding this RFP is deferred until the common customer list is completed.

   All other issues were resolved prior to the hearing.

5. **KMBS's motion to compel from Bell [ECF No. 161]**

   **Interrogatory 8:** Bell must answer this interrogatory, except that the date range is narrowed to July 14, 2013, to the present.

   **Interrogatory 9:** Bell must answer this interrogatory, except that the date range is narrowed to July 14, 2013, to the present.

   **Interrogatory 12:** The common customer list is ordered in lieu of this request.

   **Interrogatory 13:** This interrogatory is too broadly written and must be redrafted to focus only on communication between Bell and AI that would be relevant to the claims or defenses.

   **Interrogatory 14:** Bell must identify any and all communications between him and AI referencing any Relevant KMBS Customer or potential employment with AI. The "Relevant KMBS Customers" are identified on Appendix A of Bailey's meet and confer report.[1]

   **RFP 24:** Bell must produce the documents requested in this RFP, except that the date range is narrowed to July 14, 2013, to the present.

---

[1] This report was distributed to the Court and the parties. Bell filed the report with his statement of unresolved issues, but that exhibit was stricken because it included information that labeled as "Attorneys Eyes Only."

**RFP 30:** Bell must produce the documents requested in this RFP, except that the date range is narrowed to July 14, 2013, to the present.

**RFP 32**: An order on this RFP is deferred pending the compilation of the common customer list.

**RFP 33**: This RFP is too broadly written and must be redrafted to focus only on communication between Bell and AI that would be relevant to the claims or defenses.

**RFP 34**: Bell must produce documents, tangible items, and electronically stored information concerning, relied upon, or referred to in response to interrogatory 14, as narrowed above.

All other issues were resolved prior to the hearing.

6. **KMBS's motion to compel from Defendant Steve Hurt [ECF No. 162]**

   All issues were resolved prior to the hearing.

7. **KMBS's motion to compel from Defendant Anna Stewart [ECF No. 163]**

   All issues were resolved prior to the hearing.

8. **AI's motion to compel from KMBS [ECF No. 174]**

   **Interrogatory 5:** This interrogatory is too broadly written, and its motion to compel an answer is denied.

   **RFP 6:** This RFP was withdrawn at the hearing in light of the ruling on interrogatory 5.

   **RFP 8:** This RFP was withdrawn at the hearing in light of the ruling on interrogatory 5.

   All other issues were resolved prior to the hearing.

\*\*\*

Except for the lists ordered in paragraph 1, any supplementation of discovery responses ordered above must completed by **January 29, 2018**.

The parties are warned that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order. *See* E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 1, 2017

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
