UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.

      Plaintiff,

                             Civil Action No.: 15-11254
                             Honorable Victoria A. Roberts
v.                           Magistrate Judge Elizabeth A. Stafford

LOWERY CORPORATION, *et al.,*

      Defendants,

_____/

**REPORT AND RECOMMENDATION TO DENY**
**MOTION TO INTERVENE [ECF NO. 221]**

## I.    Introduction

Nearly three years after Plaintiff Konica Minolta Business Solutions

U.S.A., Inc., filed it complaint against Defendant Lowery Corporation and

seven of Konica's former employees, Philadelphia Indemnity Insurance

Company (PIIC) filed a motion to intervene.  [ECF Nos. 1, 9, 221].  In its

motion, PIIC stated that it wished to intervene "for the purpose of permitting

it to participate in discovery, to monitor and participate in motion practice as

needed, and to submit special verdict questions addressing possible

coverage defenses."  [ECF No. 221, PageID 3978].  It stated that, if

permitted to intervene, it would "file a motion to bifurcate and stay, requesting that its coverage defenses be determined after a judgment on Plaintiff's claims," and that it would abide by the currently existing scheduling order.  [*Id.*].

In its reply, PIIC "clarifies" that it seeks only to attend discovery proceedings and receive discovery documents.  [ECF No. 231, PageID 4206, n. 2].  And at the hearing held on April 20, 2018, PIIC stated that it only wished to monitor discovery, and did not anticipate filing any motions, although it might seek leave to do so.  [ECF Nos. 227, 231].

For the reasons that follow, the Court recommends that PIIC's motion to intervene be denied.

## II.    Scope of Referral Authority

The Honorable Victoria A. Roberts referred the motion to the undersigned for hearing and determination under 28 U.S.C. 636(b)(1)(A). [ECF No. 224].  Consistent with this referral, two courts have in published opinions treated motions to intervene as nondispositive.  *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267–69, n. 1 (E.D. Mich. 1997); *Oakland Cty. v. Fed. Nat. Mortg. Ass'n*, 276 F.R.D. 491, 493, n. 1 (E.D. Mich. 2011).  The applicable local rule also does not identify a motion to intervene as being dispositive. E.D. Mich. L.R. 7.1(e).

2

But some courts have regarded the *denial* of motions to intervene as being functionally equivalent to the dispositive motions identified under Section 636(b)(1)(A) as requiring a magistrate judge to issue a report and recommendation, allowing for *de novo* review by the assigned district judge. *See, e.g., Meeks v. Schofield,* No. 3:12-CV-545, 2013 WL 1826438, at \*2 (M.D. Tenn. Apr. 30, 2013); *Washington Mut. Bank v. Chiapetta*, No. 1:07CV00683, 2011 WL 1743389, at \*1 (N.D. Ohio May 6, 2011). These courts reasoned that the denial to intervene is dispositive for the party seeking to intervene.[1] *Id.* This reasoning applies here; the denial of the motion to intervene will be dispositive for PIIC. The Court will therefore issue a report and recommendation, allowing PIIC to seek *de novo* review by Judge Roberts.

## III. Analysis

Federal Rule of Civil Procedure 24 authorizes interventions of right and permissive interventions. "Rule 24 should be broadly construed in favor of potential intervenors . . . . But this does not mean that Rule 24

---

[1] Other courts have disagreed, finding a motion to intervene to be nondispositive even when it is denied. *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090 ADM/TNL, 2015 WL 4992363, at \*8 (D. Minn. Aug. 20, 2015); *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. United States*, No. CIV.A. 02-1799, 2003 WL 1873089, at \*2 (E.D. La. Apr. 10, 2003).

poses no barrier to intervention at all." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (citation and internal quotation marks omitted). PIIC's motion does not meet the requirements of an intervention of right, and its request for permissive intervention should be denied because it is without merit, is untimely, and would unduly prejudice defendants.

**A.**

PIIC has a right to intervene under Rule 24(a)(2), which applies to a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." PIIC must establish four elements in order to establish that it has a right to intervene:

> (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that its ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent its interest.

*Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007). For the reasons that follow, the Court finds that PIIC's motion is untimely and that it does not have a substantial legal interest in the subject matter of this action. PIIC has thus failed to meet the first two elements for

an intervention of right, rendering unnecessary any analysis of whether

PIIC could meet the last two elements.

### 1.

In order to assess the timeliness of PIIC's motion, several factors

must be considered.

> (1) the point to which the suit has progressed; (2) the purpose
> for which intervention is sought; (3) the length of time preceding
> the application during which the proposed intervenors knew or
> should have known of their interest in the case; (4) the
> prejudice to the original parties due to the proposed intervenors'
> failure to promptly intervene after they knew or reasonably
> should have known of their interest in the case; and (5) the
> existence of unusual circumstances militating against or in favor
> of intervention.

*Stupak-Thrall,* 226 F.3d at 473 (internal citation and quotation marks

omitted).

Citing *Stupak-Thrall*, PIIC states that its motion is timely given the

limited purposes for which it seeks to intervene; because this case is in the

discovery stage; because its presence would not impact the progression of

the suit; because it did not wait an unreasonable amount of time to seek

intervention; and because its intervention would not prejudice the current

parties.  But in *Stupak-Thrall*, the motion to intervene was filed about seven

months after the complaint was filed.  226 F.3d at 473.  Even still, "the

litigation had made extensive progress in the district court before the

appellants moved to intervene," which strongly weighed in favor of the party opposing the motion. *Id.* at 475.  Here, PIIC did not file its motion to intervene until nearly *three years* after the complaint was filed, and the parties have been engaged in extensive discovery and discovery disputes with the assistance of the Court and expert advisor Scott Bailey, who was appointed in August 2016.  [ECF No. 122].

It is true that "[t]he absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances," and that the "more critical factor is what steps occurred along the litigation continuum during this period of time." *Stupak-Thrall*, 226 F.3d at 475.  And unlike here, the motion to intervene in *Stupak-Thrall* was filed after the close of discovery.  *Id.*  But the sheer amount of discovery that has already taken place in this case is relevant.  [ECF No. 221, PageID 3978].  In *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010), the court found untimely a motion to intervene because "[d]iscovery has been underway for some time and the Court has resolved one motion to compel."  The *J4 Promotions* court described the case as having "progressed well beyond threshold issues." *Id.*  Here, a joint discovery plan was filed in June 2015, and the Court has resolved eight motions to compel, a motion for

6

sanctions, and a motion for judgment on the pleadings.  [ECF Nos. 32, 89, 118, 124, 129,149, 153, 157, 161-63, 174, 205, 207, 234].  Far more than in *J4 Promotions*, this case has progressed well beyond threshold issues.

At the hearing, both PIIC and defendants stated that PIIC had been able to monitor the discovery in this case through the Court's electronic filing system and defense counsel.  When asked why PIIC feels a need to intervene now, after three years, its counsel said that the upcoming depositions will be more difficult for it to monitor.  This leads the Court to consider the second timeliness factor—the purpose of the requested intervention.

The Court is unaware of authority allowing intervention for the limited purpose of allowing an insurer to gather evidence against its insured by attending discovery proceedings and receiving discovery documents, but not actively participate in litigation.  Giving a third party greater access to evidence against an existing party is not a proper purpose.  PIIC states that another purpose would be to allow it to submit special interrogatories to the jury, but it does not need to attend discovery proceedings or receive discovery documents in order to submit those special interrogatories.

As to the third factor, the length of time preceding the application during which PIIC knew or should have known of its interest in this case,

7

PIIC's argument that it is moving to intervene now due to upcoming depositions is insufficient. It knew or should have known that depositions would take place during discovery long before now; it knew well before it expended $1 million on defense costs.

The fourth factor is the prejudice to the original parties due to PIIC's failure to promptly intervene after it knew or reasonably should have known of its interest in the case. The Court does not find this factor to be significant. Defendants argue that they would be prejudiced if PIIC joins this case in an effort to deny them indemnity coverage. That prejudice would have existed if PIIC had intervened earlier.

But the last factor, the existence of unusual circumstances, weighs heavily against allowing intervention. This case has involved unusually extensive discovery that has required the use of substantial judicial and expert advisor resources. The fact that defense costs have already exceeded $1 million speaks volumes. Allowing the intervention of a third party—whose own interests substantially conflict with defendants, its own insured—threatens to further prolong this litigation and result in complications that cannot all be foreseen. This is especially true since PIIC held open the possibility that it would seek leave to file its own motions.

8

PIIC's motion to intervene is not timely, undermining its argument that it has a right to intervene.

## 2.

Of equal import, PIIC has not stated a direct interest in this litigation, which is required for an intervention of right.  It is well established that, when seeking to intervene, "the legal interest claimed must be both substantial and direct."  *Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 WL 4618993, at *1 (S.D. Ohio Oct. 16, 2017) (citing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967)).  Whether an insurer of an existing party has a direct interest in the litigation depends on if the insurer admits that the claim at issue is covered.

> There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question. When the insurer offers to defend the insured but reserves the right to deny coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.

*Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).  In this case, PIIC disputes that coverage exists, so its interest is contingent, not direct.

Another obstacle for PIIC is that Rule 24(a)(2) requires that the third-party "claims an interest relating to the property or transaction that is the

9

subject of the action."  PIIC's assertion that coverage might not exist is "not related to the subject matter of the action" between the existing parties. *Travelers Indem. Co.,* 884 F.2d at 640.  PIIC's desire to obtain a stay "is basically derived from the prior two interests. For the same reasons that we cited with respect to those two interests, we are unwilling to regard the third interest as cognizable under Rule 24(a)(2)." *Id.*

Courts have routinely followed *Travelers Indem. Co.* to deny intervention of right for insurers who are contesting coverage.  *See, e.g.*, *J4 Promotions,* 2010 WL 1839036; *Infrasource Const. Serv., LLC v. E&M Piping, LLC*, No. 1:12CV0261, 2012 WL 13026852, at *6 (N.D. Ohio Sept. 27, 2012); *Adams*, 2017 WL 4618993.

PIIC misleadingly states that opinions it cites suggest "that intervention into a pending merits lawsuit and having the coverage issues resolved after the underlying action is resolved is a superior course of action, rather than filing a separate action for a declaration of rights."  [ECF No. 221, PageID 3982].  The issue in those opinions was whether the federal courts should exercise jurisdiction under the Declaratory Judgment Act; the courts declined to exercise jurisdiction because superior remedies existed in the state court.  *Bituminous Cas. Corp. v. J & L Lumber Co.,* 373 F.3d 807 (6th Cir. 2004); *Employers Mut. Cas. Co. v. Al-Mashhadi*, No. 08-

CV-15276, 2009 WL 2711963, at *3 (E.D. Mich. Aug. 24, 2009).  And language in *Bituminous* directly contradicts PIIC's claim that the courts preferred combining the indemnity action with lawsuit on the merits: "[A] superior alternative remedy exists in the form of an indemnity action filed at the conclusion of the underlying state action."  *Bituminous Cas. Corp.,* 373 F.3d at 816.

Other opinions that PIIC cited in its reply granted only limited permissive intervention.  [*See* ECF No. 231, PageID 4204].  Neither those opinions nor the other authority cited by PIIC support a finding that it has a right to intervene under Rule 24(a).

**B.**

PIIC alternatively argues that it should be allowed a permissive intervention under Rule 24(b)(2), which applies to a third party who has "a claim or defense that shares with the main action a common question of law or fact."  Rule 24(b) requires a "timely motion" for permissive intervention and, for the reasons cited above, PIIC's motion is not timely.  Permission intervention should be denied on that basis, and also because PIIC does not satisfy the requirements of Rule 24(b).

As noted, PIIC cites opinions that have allowed limited permissive intervention.  In *Plough, Inc. v. Int'l Flavors & Fragrances, Inc.*, 96 F.R.D.

136, 137 (W.D. Tenn. 1982), the court granted permissive intervention "for the very limited purpose of submitting special interrogatories, at pre-trial and trial." The grant of permissive intervention was for the same limited purpose in *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1327 (S.D. Ala. 2003). The court in *Plough* did not analyze whether the insurer's claim or defense shared a common question of law or fact with the main action, and it was undisputed in *Thomas* that there were common questions of law or fact. *Id.* at 1326 & n. 19.

In contrast, the court in *Adams* denied any permissive intervention, reasoning that the insurance contract claim was unrelated to the claims and defenses in the underlying actions. *Adams,* 2017 WL 4618993, at *3. In support, *Adams* cited *Design Basics, LLC v. A.J. Bokar Bldg. Co.*, No. 16–cv–669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) ("For the same reasons that [the movant] lacks a substantial legal interest in the outcome of the underlying litigation, it cannot establish that its insurance action shares questions of law and facts with the underlying copyright action."); and *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14–cv–00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (permissive intervention denied because insurer's indemnity defenses and underlying action would "require different evidence and different laws will apply").

12

The Court strongly considered following *Plough* and *Thomas* to recommend that PIIC be allowed limited intervention for the sole purpose of submitting special interrogatories to the jury, but because PIIC has failed to demonstrate that its proposed declaratory action shares common questions with the existing action, even that limited intervention should be denied. PIIC's motion states in conclusory fashion that such common questions exists, although "several of the coverage defenses PIIC will assert would not apply until after there is a judgment on" the claims between the existing parties.  [ECF No. 221, PageID 3983].  When asked during the hearing to be more specific about the common questions, PIIC stated that its proposed complaint for declaratory judgment excludes coverage for dishonest or fraudulent acts, [*see* ECF No. 222-1, PageID 3998], and that Konica's complaint alleges that defendants engaged in dishonest and fraudulent conduct.  But Konica's amended complaint alleges breach of contract, tortious interference with contractual relations, tortious interference with business expectancy, violation of Michigan's Uniform Trade Secrets Act, and civil conspiracy.[2]  [ECF No. 9, PageID 111-17]. The terms "fraud," "dishonest," "honest," "lie" and "truth" are nowhere to be

---

[2] Judge Roberts dismissed a count alleging statutory conversion.  [ECF No. 129].

13

found in the amended complaint, and the word "true" is used only to refer to "true and correct" copies of documents.  [*Id.*].

Thus, PIIC's indemnity defenses and the underlying action will "require different evidence and different laws will apply."  *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, 2014 WL 5878201 at *3.  And since Konica's complaint does not allege fraud or dishonesty, allowing PIIC to introduce special interrogatories to the jury on those issues would be unduly prejudicial to defendants.  PIIC's request for even limited permissive interventions should therefore be denied.

## IV.   Conclusion

PIIC's motion to intervene [**ECF No. 221**] should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 23, 2018

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

16