UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A., INC.

        Plaintiff,

v.

LOWERY CORPORATION d/b/a
APPLIED IMAGING SYSTEMS,
INC., *et al*,

        Defendants.
_____/

Civil Action No.: 15-11254
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER DENYING MOTION TO SEAL
WITHOUT PREJUDICE [ECF NO. 275]**

I. **Introduction**

On July 30, 2018, defendants filed an exhibit under seal, [ECF No. 274], but the Court struck it with a notation stating, "A motion to seal must be filed that complies with LR 5.3, as amended on March 1, 2018." Defendants followed by filing an unopposed motion to seal that does not comply with Rule 5.3. [ECF No. 275]. The Court will deny the motion.

II. **Analysis**

Defendants motion to seal states that the Honorable Victoria A. Roberts entered a stipulated protective order in February 2016, and has

granted orders to file under seal the same documents that defendants seek to file under seal now. [ECF Nos. 92, 239, 240, 243, 244]. The stipulations and orders to seal to which defendants refer stated that the information to be sealed is the subject of a protective order; no other justification was provided. [ECF Nos. 239, 240].

Defendants' current motion to seal outlines the requirements of E.D. Mich. LR 5.3(b)(3) as follows:

> "[A] motion seeking such authorization must include: (1) an index of documents proposed for sealing; (2) a description of any non-party or third-party interests that may be affected by Case disclosure; (3) whether the proposed material was designated as confidential under a protective order; (4) a detailed analysis demonstrating that the request satisfied controlling legal authority; (5) a redacted version of the document to be sealed; and (6) an unredacted version of the document to be sealed, filed as a sealed exhibit.

[ECF No. 275, PageID. 4844-45]. Their motion addresses the third requirement; it notes that the materials were designated under a protective order and states that they are deemed highly confidential. But despite citing all of the requirements of Rule 5.3, defendants' motion satisfies none of the other requirements.

Although the proposed exhibit to be sealed is 81 pages long and has within it an objection to a special master report, the full special master

report, and ten separate exhibits labeled "A" through "J," defendants' index of documents is beyond cursory:

| **Defendants' Motion for Leave to File Motion Regarding Public Entity Bid Municipal Contracts** | |
|---|---|
| **Exhibit C** | Defendant Lowry Corporation, d/b/a Applied Imaging Systems, Inc.'s Objections to Common Customer List Prepared by the Special Master (filed under seal as ECF 244 on April 30, 2018).<br><br>*No party to this matter objects to ECF 244 being filed under seal.* |

[ECF No. 275, PageID.4843].

Defendants' motion to seal also does not address the interest of any non-parties that may be affected. They do cite opinions indicating that the sealing of confidential information that could harm a party's business interest is proper. [*Id.*, PageID.4844, citing *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), LP*, 2008 WL 1923261, *27 (E.D. Mich. Apr. 28, 2008); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, 2016 WL 5349793, *2 (S.D. Ohio Sept. 23, 2016)]. But these citations do not constitute a "detailed analysis demonstrating that the request satisfied controlling legal authority," as required by Rule 5.3. And *NetJets* "involve[d] a small amount of information from one document that has been redacted." 2016 WL 5349793 at *2. It does not support defendants' motion to seal the entirety of the 81 pages at issue here.

3

It is not enough to pay lip service to Rule 5.3, which states that "[a]ny motion to file under seal *must* contain" the components set forth therein. Rule 5.3(b)(3)(a) (emphasis added). The rule also mandates that the parties file a motion "that is narrowly tailored," and that the "Court may grant a motion to seal *only* upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b) (emphasis added).

The comments to the 2018 amendment refer to *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, which emphasized the heavy burden for overcoming the strong presumption that records filed with the court be done so openly. 825 F.3d 299, 305 (6th Cir. 2016). This heavy burden must be met even if no party objects, and it requires "document-by-document, line by line" analysis. *Id.* at 305, 308. The court indicated that the sealing of documents filed at the adjudication stage cannot be justified by a Federal Rule of Civil Procedure 26(c)(1) protective order, which is blanket in nature and is allowed with a "mere showing" of good cause. *Id.* at 305.

The *Shane* court held that the district court had abused its discretion by sealing records without an adequate justification.

> The parties' asserted bases for sealing off all this information were brief, perfunctory, and patently inadequate. For example,

> when the Plaintiffs sought to seal their brief in support of their Motion for Class Certification—arguably the most important filing in any putative class action—and all 90 attachments thereto, the Plaintiffs' entire justification for filing these materials under seal was the following: 'The Class Certification Brief includes quotations, information, and references to multiple depositions and documents designated as confidential by Blue Cross or the third party entity that produced the document or deposition.' Those are protective-order justifications, not sealing-order ones.

*Id.* at 306. The court thus vacated the district court's approval of a settlement, and vacated all of the orders sealing documents. *Id.* at 310.

The comments to the 2018 amendment to Rule 5.3 also refer to *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). In that opinion, the Sixth Circuit vacated the sealing of documents "per Protective Order" because no motion had been filed to show a narrowly tailored and compelling need, and the district court did not enter an order or otherwise approve the sealing with the necessary specific findings. *Id.* This opinion should serve as a warning for the parties; the court in *Beauchamp* raised the sealing issue on its own motion. *Id.*

The tone and substance of defendants' motion to seal appears to treat the requirements of Rule 5.3 cavalierly, and suggests that this Court's order directing them to file a motion to seal was superfluous. Defendants suggest that the fact that the documents they wish to seal have been

5

designated confidential under a protective order should be enough. Defendants are not alone in having this mistaken belief; until recently, motions to seal have routinely relied exclusively on an existing protective order, and those motions have routinely been granted. But that practice is directly contrary to Sixth Circuit precedent and Rule 5.3, and continuing that practice poses risks to the parties involved. The *Shane* and *Beauchamp* attorneys and parties learned that lesson the hard way.

## III. Conclusion

Defendants' motion to seal is denied. [ECF No. 275]. They may renew their motion, but any renewed motion must fully comply with Rule 5.3, and must address each of the individual documents within the 81-page document individually. Defendants should strongly consider filing redacted exhibits, and filing corresponding unredacted versions under seal, rather than moving to seal the entirety of the 81 pages of documents. *See* Rule 5.3(b)(3)(A)(v) and (vi) (describing procedure for filing documents with redactions). If defendants file redacted and unredacted versions of the documents, the Court will consider the unredacted portion of the documents only to the extent that a motion to seal has been granted. Rule 5.3(b)(3)(C)(ii) and (iii)(2).

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 6, 2018

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2018.

s/Karri Sandusky for
MARLENA WILLIAMS
Case Manager