UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.,

    Plaintiff,

v.

LOWERY CORPORATION d/b/a
APPLIED IMAGING SYSTEMS, INC., et al.,

    Defendants.
_____/

Case No. 15-11254
Honorable Victoria A. Roberts

## ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF No. 299] AND DEEMING MOOT PLAINTIFF'S OBJECTIONS [ECF No. 296]

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. The Court reviewed the motion, related briefs, and the cited authorities. Because discovery is stayed pending the outcome of Defendants' motion, the Court addresses the merits, without including a recitation of the facts.

Defendants move to dismiss Plaintiff's claims to the extent they relate to the "public-entity customers." Defendants rely on *Cedroni Ass'n, Inc. v. Tomblinson, Harburn Assocs., Architects & Planners Inc.*, 492 Mich. 40, 46 (2012) ("*Cedroni*"), which held that "the lowest bidder on a public contract ha[s] no valid business expectancy" for purposes of a tortious interference with a business expectancy claim.

Although *Cedroni* applied only to a claim for tortious interference with a business expectancy, Defendants attempt to expand its holding to Plaintiff's claims for breach of contract, tortious interference with contractual relations, civil conspiracy, and violation of the Michigan Uniform Trade Secrets Act. The Court finds this inappropriate.

The *Cedroni* court explicitly limited its holding:

> [W]e are not immunizing from liability a private entity that 'acts with dishonesty and bad faith to interfere with the governmental entity's efforts[]" . . .; instead, **we are simply holding** that when the ultimate decision to enter into a business relationship is a highly discretionary decision reposed by law within a governmental entity, **a disappointed low bidder does not have a valid business expectancy for the purpose of sustaining a claim of tortious interference with a business expectancy**.

*Cedroni*, 492 Mich. at 47 n. 3 (emphasis added); *see also id.* at 54 n. 8 ("[W]e simply hold that when the ultimate decision to enter into a business relationship is a highly discretionary decision reposed by law within a public entity, a disappointed low bidder does not have a valid business expectancy for the purpose of sustaining a claim of tortious interference with a business expectancy."). The Court find that *Cedroni's* limited holding does not apply to all of Plaintiff's claims – especially because Plaintiff's allegations would likely allow it to recover alternative damages to lost profits, such as unjust enrichment or reasonable royalties.

Moreover, the *Cedroni* holding was further limited: "Because plaintiff had no valid business expectancy, ***and*** because there is no evidence that this Court's involvement is 'necessary to prevent fraud, injustice or the violation of a trust,' plaintiff's claim of tortious interference with a business expectancy must fail as a matter of law." *Id.* at 54 (emphasis added). This further distinguishes *Cedroni* from Plaintiff's claims. Unlike in *Cedroni*, Plaintiff points to misconduct on behalf of Defendants which may make "this Court's involvement . . . 'necessary to prevent fraud, injustice or the violation of a trust.'" *See id.*

The other cases Defendants rely upon do not change this conclusion. Those cases are non-binding and/or do not relate to trade secrets cases. Furthermore, those

2

cases have little relevance; they were based on the specific facts presented – such as, the plaintiff's failure to bid on a contract in *Washington Consulting Grp., Inc. v. Raytheon Tech. Servs. Co., LLC*, 2013 WL 1562128 (D.C. Super. Ct. Mar, 7, 2013), and the fact that the defendant's alleged wrongful conduct had no bearing on the public entity's decision in *Mago Const. Co. v. Anderson, Eckstein & Westrick, Inc.*, 1996 WL 33348794, at *3 (Mich. Ct. App. Nov. 8, 1996). Because those cases are non-binding and their holding are fact-specific, the Court finds they have little relevance.

Defendants' Motion for Partial Summary Judgment [ECF No. 299] is **DENIED**, and the Court will not preclude Plaintiff from conducting discovery related to the public-entity customers.

Finally, Plaintiff's Objections to the Magistrate Judge's Order Granting Defendants' Motion for Leave to File a Motion for Partial Summary Judgment [ECF No. 296] are **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 30, 2018