UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A., INC.,

    Plaintiff,

v.

LOWERY CORPORATION d/b/a
APPLIED IMAGING SYSTEMS,
INC., et al.,

    Defendants.
_____/

Case No. 15-11254
Honorable Victoria A. Roberts

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS [ECF No. 329] AND UPHOLDING THE MAGISTRATE JUDGE'S ORDER [ECF No. 319] DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

On August 24, 2018, more than three years after filing its first amended complaint, Plaintiff filed a motion for leave to file a second amended complaint. Magistrate Judge Elizabeth A. Stafford entered an order DENYING Plaintiff's motion for leave.

Plaintiff objects to Magistrate Judge Stafford's order. Plaintiff's objections are fully briefed and before the Court.

When reviewing objections to a magistrate judge's order on a pretrial, non-dispositive matter, the Court must modify or set aside any part of the decision that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; her legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted).

A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (citation omitted). The Court must use independent judgment when reviewing a Magistrate Judge's legal conclusions. *Id.*

In denying Plaintiff's motion, Magistrate Judge Stafford found, among other things, that: (1) this case has involved unusually extensive and burdensome discovery; and (2) allowing Plaintiff to amend its complaint at this juncture "would create an unwanted an unfair burden on the Court and defendants, and would be detrimental to the manageability of the ongoing discovery."

In addition to objecting to other parts of Magistrate Judge Stafford's order, Plaintiff objects to her findings regarding the burden an amendment would cause. Judge Stafford's conclusions regarding the burden/prejudice an amendment would cause are factual findings; the Court should not disturb them unless they are clearly erroneous. *See Visteon Global*, 903 F. Supp. 2d at 524-25.

After reviewing the record – including Plaintiff's original motion, its objections, and the related briefs – the Court finds that Magistrate Judge Stafford's factual findings are not clearly erroneous. The Court agrees with her factual findings that discovery has

2

been extensive and burdensome, and that allowing Plaintiff to file an amended complaint would be unduly prejudicial to Defendants and detrimental to the manageability of ongoing discovery. Moreover, even if the Court did not so agree, Judge Stafford's findings are not "clearly erroneous," because they represent one of at least two permissible views of the evidence. *See Anderson*, 470 U.S. at 573-74.

Although leave to amend should be "freely given when justice so requires," Magistrate Judge Stafford's findings are sufficient to justify denial of Plaintiff's motion for leave to amend. *See Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) ("to deny a motion to amend based solely upon delay" requires "at least some significant showing of prejudice").

Because the finding of prejudice/burden is sufficient to deny the motion to amend, and no other finding or conclusion undermines that finding, the Court need not discuss the remaining parts of the Magistrate Judge's order or Plaintiff's other objections.

The Court **OVERRULES** Plaintiff's objections [ECF No. 329] and **UPHOLDS** Magistrate Judge Strafford's order [ECF No. 319] denying Plaintiff's motion for leave to file a second amended complaint.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 13, 2018